UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE CHARLES SCHWAB CORPORATION, </br>  </br> Plaintiff, </br> v. </br>  </br> BANC OF AMERICA SECURITIES LLC; </br> BANC OF AMERICA FUNDING </br> CORPORATION; UBS SECURITIES, LLC; </br> WELLS FARGO ASSET SECURITIES </br> CORPORATION; WELLS FARGO BANK, </br> N.A.; AND, DOES 1-50, </br>  </br> Defendants. | Case No.: 10-CV-03489-LHK </br>  </br> ORDER REGARDING BRIEFING </br> SCHEDULE |

The Court previously requested briefing regarding the timeliness of some of Plaintiff Charles Schwab Corporation's 1933 Securities Act claims asserted in this action. This briefing was to be received from Schwab and the Wells Fargo Defendants[1] before the hearing on Schwab's Motion to Remand, set for December 9, 2010. *See* Dkt. No. 50. Subsequently, Schwab submitted a letter asking to defer briefing on the timeliness of Schwab's claims until after the Court's decision on the Motion to Remand, on the basis that if the Court is without jurisdiction over this matter, the case should be remanded without further action by the Court. *See* Dkt. No. 51.

However, Schwab's First Amended Complaint (FAC) states that the inclusion of the 1933 Securities Act claims prohibit removal. *See* FAC (Dkt. No. 1, Ex. B) ¶ 15. Wells Fargo raised the potential tolling issue regarding these claims in its Notice of Removal. *See* Notice of Removal

---

[1] Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A. (together, "Wells Fargo").

1
Case No.: 10-CV-03489-LHK
ORDER REGARDING BRIEFING SCHEDULE

(Dkt. No. 1) ¶ 24.  Schwab then addressed these contentions in its Motion to Remand.  *See* Mot. to Remand (Dkt. No. 18) at 6-10.  Thus, it appears likely that the tolling issue will be raised by Wells Fargo in their Opposition to the Motion to Remand.  The Court agrees with Plaintiffs that separate briefing on the tolling issue outside the context of the Motion to Remand is unnecessary and thus vacates the briefing schedule set forth in its October 19, 2010 Order.  However, per Local Rule 7-3, should Wells Fargo raise the tolling issue in its Opposition due November 18, 2010 then Schwab shall respond in its Reply due November 25, 2010.  The Court requests that in any Reply brief on the tolling topic, Schwab address the issues raised in the Court's October 19, 2010 Order.

      Of course, the Court will not reach any issue unnecessarily, or decide any issue that is not properly before it.

**IT IS SO ORDERED.**

Dated: October 26, 2010

_____
LUCY H. KOH
United States District Judge